CASE 58—PETITION ORDINARY—SEPTEMBER 19.

# Rucker vs. Pritchett, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. An order of the circuit court overruling a motion to set aside the verdict of the jury, when no judgment has been rendered on the verdict, cannot be considered by the court of appeals for want of jurisdiction.

2. To make a surety in a bond to release attached property a competent witness for the defendant in the attachment, by the substitution of another surety, *the court must make an order discharging him from liability.* The surety remains liable until this order is made.

John W. Crockett and
Turner & Trafton,                     For Appellant,
                    CITED—
*Revised Statutes, sec.* 6, *chap.* 107, 2 *Stanton,* 471.
2 *Metcalfe,* 446-9.

John Mason Brown,                     For Appellees.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

Although it appears that, upon the overruling of the motion of the "owners of the steamboat James Gray," to set aside the verdict of the jury against them in favor of Turner, they prayed an appeal, yet as no judgment seems to have been rendered on the verdict in favor of Turner, said order cannot be regarded by this court for want of jurisdiction.

Whether or not the court erred in adjudging upon the rule against the appellant, Rucker, the payment into court of the three hundred dollars deposited in his hands

to indemnify him as the surety of the appellees, is the only question which it is necessary to decide on this appeal.

At the institution of Turner's suit, an attachment for his claim was levied on said boat, to release which, the appellant gave bond as the surety of the appellees, in the sum of three hundred and eighty-four dollars, that they should perform the judgment of the court in the action; and, for his indemnity, they placed in his hands said sum of three hundred dollars.

Afterwards, in the progress of the case, upon an affidavit of one of the defendants that they intended using Rucker as a witness, the following order was made:

"The defendants appeared by attorney and filed the affidavit of Thomas Randall, and, on their motion, leave is hereby granted them to substitute another forthcoming bond, with good surety, to be approved by the clerk of this court, in place of the one executed and filed by them with M. P. Rucker as surety."

And at the same time a bond, purporting to have been signed by Terry W. Witt, in the sum of three hundred and eighty-four dollars, of the same tenor as that of Rucker, appears to have been *filed;* but the court made no express order discharging the latter from liability, nor does it appear that the bond of Witt was approved by the court or the clerk. Subsequently, the appellants filed their petition against Rucker for the recovery of said sum of three hundred dollars, as money had and received, predicating their right to reclaim it from him, on said proceedings, as operating to release him from liability on his bond, and as thus terminating his right to retain the money for his indemnity.

In this action, Rucker appeared and filed a demurrer to the petition, which was overruled; and then the court

awarded a rule against him to show cause why he should not pay the amount claimed by the plaintiffs in the action.

At a subsequent day of the same term, Rucker was allowed to file his answer, in which he relied on his right to retain the money as indemnity, insisting that said orders of the court did not release him from liability on his bond; and thereupon, without a formal trial or judgment in the action, the court adjudged that said rule be made absolute, and ordered that the money be paid accordingly; and from that order this appeal is prosecuted.

If the demurrer to the petition was rightly overruled, and the answer did not present a valid defense to the action, it may be assumed, that however unusual or unnecessary may have been the proceeding by rule, the judgment ought not to be reversed, as the court might have given judgment on the pleadings without the rule.

But it is insisted for the appellant that said orders of the court did not discharge his liability on his bond; and if this position be correct, it is plain that the appellees were not entitled to a recovery in the action in any form.

The 6th section of chapter 107 of the Revised Statutes, provides, that " if any person shall be disqualified to testify in any suit or action by reason of being next friend, or of having become bail or surety for costs, or surety in an appeal or injunction or other bond, or other instrument or recognizance required to be taken at the institution of, or during the progress of, such suit or action, he may be discharged from liability by an order of the court, so as to be sworn and examined as a witness. But, before this shall be done, another sufficient bail or surety or next friend shall be substi-

tuted in his stead, to be liable in like manner, and to the same extent as he would have been."

Whether, under this provision, the court could accept a substituted bond which was not acknowledged before it, or authorize its clerk to approve such bond, we are of the opinion, that, to release the former surety, a. substantial as well as a literal compliance with the statute, requires that an order be made by the court *discharging him* from liability. This was not done. And it seems to us, therefore, that the court erred in overruling the demurrer to the petition, which depended for its sufficiency on the legal effect of the orders referred to, and also in rendering the judgment appealed from.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.